MR. JUSTICE WEBER,
dissenting:
I dissent from the opinion of the majority which holds that the inventory search of defendant’s suitcase violated his privacy rights and rendered the evidence seized inadmissible.
The District Court expressly concluded that there was *479 probable cause to arrest defendant and take him into custody. This conclusion is not disputed on appeal.
The United States Supreme Court has held that an inventory search after a valid arrest is a reasonable search which does not require a warrant. Illinois v. Lafayette (1983), 462 U.S. at_, S.Ct. at 2608. The Court emphasized that the justification for such searches does not rest upon probable cause, but rather is an incidental administrative step following arrest and preceding incarceration. At 2608-2609. The Court described the justification for the inventory search:
“At the stationhouse, it is entirely proper for police to remove and list or inventory property found on the person or in the possession of an arrested person who is to be jailed. A range of governmental interests support an inventory process. It is not unheard of for persons employed in police activities to steal property taken from arrested persons; similarly, arrested persons have been known to make false claims regarding what was taken from their possession at the stationhouse. A standardized procedure for making a list or inventory as soon as reasonable after reaching the stationhouse not only deters false claims but also inhibits theft or careless handling of articles taken from the arrested person. Arrested persons have also been known to injure themselves — or others — with belts, knives, drugs or other items on their person while being detained. Dangerous instrumentalities — such as razor blades, bombs, or weapons — can be concealed in innocent-looking articles taken from the arrestee’s possession. The bare recital of these mundane realities justifies reasonable measures by police to limit these risks — either while the items are in police possession or at the time they are returned to the arrestee upon his release. Examining all the items removed from the arrestee’s person or possession and listing or inventorying them is an entirely reasonable administrative procedure. It is immaterial whether the police actually fear any particular package or container; the need to protect against *480 such risks arises independent of a particular officer’s subjective concerns. See United States v. Robinson, supra, 414 U.S. [218] at 235, [94] S.Ct., 467 at 477, 38 L.Ed. 427].” 462 U.S. at_, 103 S.Ct. at 2609.
I find the reasoning of Lafayette to be compelling and would follow the holding of the Supreme Court in that case. I would reverse the District Court’s order suppressing evidence and remand the cause for further proceedings.
MR. CHIEF JUSTICE HASWELL and MR. JUSTICE GULBRANDSON concur in MR. JUSTICE WEBER’S dissent.